UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAWON RILEY,

    Plaintiff,

v.                                                    CASE NO. 8:14-cv-258-T-23AEP

MICHAEL R. SCHWIETERMAN, *et al.*,

    Defendants.
_____/

## O R D E R

Riley's civil rights complaint alleges that the defendants violated his rights when they arrested him. Although entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), the complaint needs amending. The Prisoner Litigation Reform Act requires dismissal of an *in forma pauperis* prisoner's action "if the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e).

Although his complaint receives a generous interpretation, *see, e.g., Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), and *Kirby v. Siegleman*, 195 F.3d 1285, 1289 (11th Cir. 1999), Riley's *pro se* complaint requires amending. Riley must specifically identify his action. Riley appears to assert (1) that the defendants conducted "an illegal search and seizure" and "arrested him without probable cause," and (2) that he

was forced into the back of a cramped patrol car despite telling the arresting officers "to take it easy cause [*sic*] I have serious back injuries." Riley needs to amend his complaint to specifically identify his claims.

Regarding the possible claim of an "illegal search and seizure" or "an arrest without probable cause," Riley is advised that a civil rights complaint is subject to *sua sponte* dismissal before service on the defendants if the complaint challenges – whether directly or indirectly – the validity of a conviction.  According to both his facts and the online information from the Florida Department of Corrections, Riley is imprisoned under a criminal judgment entered based on the arrest that is the subject of the civil rights complaint.  When a state prisoner challenges the fact or duration of his confinement, a writ of habeas corpus is his exclusive federal remedy.  *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973).  This long-standing principle was affirmed in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (emphasis original).

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence;  if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck* requires dismissal of the civil rights complaint if a ruling in the plaintiff's favor questions the validity of the conviction or sentence. Riley has no Section 1983 claim unless he first prevails on habeas corpus. "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck v. Humphrey*, 512 U.S. at 489-90.

Consequently, Riley fails to state a claim for relief because the complaint fails to allege that the conviction was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. at 487. This dismissal is without prejudice to Riley's re-filing a Section 1983 complaint after the conviction is invalidated.

Regarding his possible claim that he was forced into a cramped patrol car, Riley alleges that the arresting officers were both negligent and deliberately indifferent to his medical needs. Negligence is not actionable under Section 1983. *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986) (holding that plaintiff must allege more than negligence to state a claim under Section 1983); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) (holding that alleged negligent failure of prison official to protect one inmate from another inmate states no claim under Section 1983); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (holding that neither an accident nor a defendant's negligence is sufficient to state a claim).

Riley's statement that the officers were "deliberately indifferent" is not sufficient because the complaint must assert sufficient facts to show deliberately indifference. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and provide "more than labels and conclusions [or] a formulaic recitation of the elements of the cause of action . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, *Twombly* specifically applies to a Section 1983 prisoner action. *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008).

Additionally, Riley moves for the appointment of counsel (Doc. 3). Riley is imprisoned. Because his liberty is not jeopardized if he loses this civil rights action, Riley has no right to the appointment of counsel. "The pre-eminent generalization that emerges from this Court's precedents on an indigent's right to appointed counsel is that such a right has been recognized to exist only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). A civil litigant has no absolute constitutional right to counsel because a Section 1983 action is civil in nature and the plaintiff's physical liberty is not jeopardized. *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).

The fundamental fairness requirement of the due process clause of the Fourteenth Amendment to the United States Constitution mandates appointment of counsel only in "exceptional circumstances." *Lassiter*, 452 U.S. at 31. *See Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996). The existence of "exceptional circumstances" depends upon the type and complexity of the case and the ability of the

*pro se* plaintiff.  *Branch v. Cole*, 686 F.2d 264, 266  (5th Cir. 1982).[*]  Riley fails to meet his burden of proving "exceptional circumstances" requiring the appointment of counsel.

Finally, the defendants move to dismiss (Doc. 12) under Rules 12(b)(4) and (5), Federal Rules of Civil Procedure, because Riley has not properly effected service of process.  This order renders the motion moot because Riley must amend his action before he may proceed with service of process.

Accordingly, the civil rights complaint (Doc. 1) is **DISMISSED** without prejudice.  On or before **MONDAY, SEPTEMBER 15, 2014**, Riley must file an amended complaint.  The failure to timely file an amended complaint will result in the dismissal of this case without further notice.  The clerk must send to Riley the required form for filing a civil rights complaint.  Additionally, Riley's motion for the appointment of counsel (Doc. 3) is **DENIED** and the motion to dismiss (Doc. 12) is **DENIED** as moot.

ORDERED in Tampa, Florida, on August 6, 2014.

/s/ Steven D. Merryday
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).